IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERTO CARRASCO-SALAZAR,

                Petitioner,

v.

R. WERLINGER

                Respondent.

ORDER

11-cv-744-wmc

---

      Petitioner Roberto Carrasco-Salazar, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He requests leave to proceed *in forma pauperis*, and has submitted a trust fund account statement for December 3, 2010 to May 11, 2011. Unfortunately, petitioner's initial partial payment cannot be calculated at this time because the trust fund account statement he submitted does not cover the six-month period immediately preceding the filing of his petition. *Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). Petitioner's trust fund account statement should cover the six-month period beginning approximately April 30, 2011 and ending approximately October 31, 2011.

      Once petitioner submits his trust fund account statement, this court will calculate petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, he will not be eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated.

      Now that petitioner is aware of the formula this court uses in determining whether a prisoner is indigent for the purpose of paying a $5 filing fee, he may be able to figure easily

whether he qualifies.  If he knows that he will not qualify for indigent status, he may elect to submit a check or money order made payable to the clerk of court in the amount of $5 in lieu of the six-month statement requested above.  If, by November 21, 2011, petitioner does not submit either the $5 payment or a trust fund account statement for the last six months, I will assume that he wishes to withdraw this action voluntarily and I will dismiss the petition without prejudice to his filing his case at a later date.  Petitioner should show a copy of this order to prison officials so that they are aware they should send either the $5 filing fee or the required trust fund account statement to this court.

One additional matter requires attention.  The memorandum of law in support of the petition for writ of habeas corpus submitted by petitioner is not signed as required by Fed. R. Civ. P. 11.  If  petitioner wishes to have this document considered by the court he will be required to file a signed copy of this document.  A copy of the memorandum is being returned to petitioner with his copy of this order so that he may sign and return the document to this court not later than November 21, 2011.


ORDER

IT IS ORDERED that

1. Petitioner Roberto Carrasco-Salazar may have until November 21, 2011, in which to file a signed copy of his memorandum of law in support of his petition for writ of habeas corpus, dkt. #2.

2. Petitioner may have until November 21, 2011, in which to submit a trust fund account statement for the period beginning approximately April 30, 2011 and ending

approximately October 31, 2011. Alternatively, petitioner may have until November 21, 2011, in which to pay the $5 fee for filing his petition.

3. If, by November 21, 2011, petitioner does not pay the filing fee or submit the required trust fund account statement, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 31st day of October, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge